## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

**JEFFERY LAMAR COLE,**
        **Plaintiff,**

**vs.**                                    **Case No.: 3:10cv178/MCR/MD**

**STATE OF FLORIDA, et al.,**
        **Defendants.**

_____

### ORDER and
### REPORT AND RECOMMENDATION

Plaintiff has filed a civil rights complaint pursuant to 42 U.S.C. § 1983 (doc. 1) and a motion for leave to proceed *in forma pauperis* (doc. 2). For the limited purpose of dismissal of this action, leave to proceed *in forma pauperis* will be granted. Upon review of the complaint, the court concludes that plaintiff has failed to present an actionable claim, and that dismissal of this case is warranted.

Since plaintiff is proceeding *in forma pauperis*, the court must review his complaint to determine if it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The court must read plaintiff's *pro se* allegations in a liberal fashion. *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). In determining whether the complaint states a claim upon which relief may be granted, the court accepts all the factual allegations in the complaint as true and evaluates all inferences derived from those facts in the light most favorable to the plaintiff. *Hunnings v. Texaco, Inc.*, 29 F.3d

1480, 1483 (11th Cir. 1994). The complaint may be dismissed if the facts as pleaded do not state a claim to relief that is plausible on its face. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1968-69, 1974, 167 L.Ed.2d 929 (2007) (retiring the negatively-glossed "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim). A complaint is also subject to dismissal under Rule 12(b)(6) when its allegations--on their face--show that an affirmative defense bars recovery on the claim. *Marsh v. Butler County, Ala.*, 268 F.3d 1014, 1022 (11th Cir. 2001).

Plaintiff is a pretrial detainee at the Santa Rosa County Jail awaiting trial in Santa Rosa County Circuit Court Case Number 5710CF000560 for leaving the scene of an accident with property damage. (Doc. 1, p. 5). He is suing the State of Florida, Assistant State Attorney Michelle Janson, Milton Police Officer Patrick Burns and Santa Rosa County Sheriff's Detective Shuler, claiming false imprisonment, slander, and false arrest ("lying to obtain an arrest") in connection with the "Hit and Run" which occurred on April 10, 2010. (*Id.*, pp. 5-7). Plaintiff asserts he was misidentified as the driver of the vehicle through coercive and impermissibly suggestive identification procedures, that he was arrested and charged on the basis of false information (the misidentification and the officer's false statement), and that someone else has now admitted to the crime. Plaintiff complains that the charges have not been dismissed, that he is still being held, and that his requests for release have been denied. (*Id.*, pp. 5-6). As relief, he seeks the following: "I want apology from the State's Attorney and Officer Burns. Money relief in the amount of $50,000 (Fifty-Thousand Dollars) for mental anguish, false imprisonment, job-loss, property loss, pain and suffering." (*Id.*, p. 7). Liberally construed, plaintiff's complaint asserts Fourth and Fourteenth Amendment claims of false arrest and false

imprisonment[1], as well as state law claims (*e.g.*, slander).

Plaintiff's federal claims are due to be dismissed under *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). In *Heck*, the Court held that an action under section 1983 that by its nature challenges the lawfulness of a conviction or sentence is not cognizable unless and until the sentence or conviction is "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Id*. at 487, 114 S.Ct. at 2372. Absent such an invalidation, the section 1983 suit must be dismissed. *Id*.

The rule of *Heck v. Humphrey* "applies not only to convicted persons but also to plaintiffs . . . who as yet only face prosecution." *Wiley v. City of Chicago*, 361 F.3d 994, 996 (7th Cir. 2004) (citing *Gonzalez v. Entress*, 133 F.3d 551, 553 (7th Cir. 1998)). In other words, where charges are outstanding against a plaintiff and his constitutional claims would necessarily imply the invalidity of a potential conviction, the action would be barred under *Heck*. *See Washington v. Summerville*, 127 F.3d 552, 556 (7th Cir. 1997), *cert. denied*, 523 U.S. 1073 (1998).

Relying on *Smith v. Holtz*, 87 F.3d 108 (3rd Cir. 1996), which held that "a claim that, if successful, would necessarily imply the invalidity of a conviction on a pending criminal charge is not cognizable under § 1983," the Seventh Circuit in *Washington* concluded that if successful § 1983 claims "would necessarily imply the invalidity of a potential conviction," then the claims do not accrue until the charges

---

[1]"A false imprisonment claim under § 1983 is based on the protection of the Fourteenth Amendment against deprivations of liberty without due process of law." *Ortega v. Christian*, 85 F.3d 1521, 1526 (11th Cir. 1996) (citing *Baker v. McCollan*, 443 U.S. 137, 142, 99 S.Ct. 2689, 2693-94, 61 L.Ed.2d 433 (1979)). To sustain a viable claim under § 1983, plaintiff must establish the elements of common law false imprisonment, which resulted in violating plaintiff's due process rights conferred by the Fourteenth Amendment. *See Ortega*, 85 F.3d at 1526.

are resolved favorably to the plaintiff. *Washington*, 127 F.3d at 556.[2]Thus, *Heck* also prevents § 1983 claims that necessarily imply the invalidity of potential convictions. *Hamilton v. Lyons*, 74 F.3d 99, 103 (5th Cir. 1996); *see also Cohen v. Clemens*, 321 Fed. Appx. 739 (10th Cir. 2009) (dismissing, under *Heck*, alien detainee's claims arising out of pending immigration proceeding); *Josey v. Texas Dep't of Public Safety*, 101 Fed. Appx. 9 (5th Cir. 2004) (dismissing, under *Heck*, pretrial detainee's § 1983 suit claiming there was no probable cause for his arrest, he was not read his rights under *Miranda*,[3] and he was being denied right to speedy trial, where resolving those claims in detainee's favor would undermine the validity of his potential conviction for driving while intoxicated); *Thomas v. Pugh*, 9 Fed. Appx. 370 (6th Cir. 2001) (dismissing, under *Heck*, pretrial detainee's § 1983 suit claiming denial of speedy trial); *Newman v. Leon County Sheriff's Office*, No. 4:08cv474/SPM/WCS, 2009 WL 62652 (N.D. Fla. Jan. 7, 2009) (dismissing, under *Heck*, pretrial detainee's Fourth, Sixth and Fourteenth Amendment claims brought under § 1983, where resolving those claims in detainee's favor would undermine the validity of his potential conviction on pending criminal charges); *Williams v. Daniels*, No. 4:06cv434/WS/WCS, 2006 WL 3694646 (N.D. Fla. Dec. 12, 2006) (same, where pretrial detainee raised Sixth Amendment claim that he was being denied right to counsel in pending criminal prosecution).

---

[2]In *Smith v. Holtz, supra*, the court reasoned that "many of the concerns noted in *Heck* apply equally to claims that, if successful, would necessarily imply the invalidity of a future conviction on a pending charge." 87 F.3d at 113, *explained in Washingon*, 127 F.3d at 556.

> If such a claim could proceed while criminal proceedings are ongoing, there would be a potential for inconsistent determinations in the civil and criminal cases and the criminal defendant would be able to collaterally attack the prosecution in a civil suit. In terms of the conflicts which *Heck* sought to avoid, there is no difference between a conviction which is *outstanding* at the time the civil rights action is instituted and a *potential* conviction on a pending charge that may be entered at some point thereafter.

*Smith*, 87 F.3d at 113 (emphasis in original).

[3]*Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

Here, were the court to make a determination in plaintiff's favor on his constitutional claims, it would necessarily imply the invalidity of his potential conviction of leaving the scene of an accident with property damage. Thus, this action is barred by *Heck* and should be dismissed without prejudice. Furthermore, because plaintiff's criminal case is pending, abstention is warranted.[4] Plaintiff has a judicial forum where his claims on constitutional violations may be raised.

Because plaintiff's allegations fail to state a claim for relief under § 1983 that is plausible on its face, his federal claims should be dismissed. Having dismissed all federal claims, the undersigned recommends that the court, in its discretion pursuant to 28 U.S.C. § 1367(c)(3), decline to exercise supplemental jurisdiction over any state law claims that may be construed from the complaint. *See United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966).

Accordingly, it is ORDERED:

Plaintiff's motion to proceed *in forma pauperis* (doc. 2) is GRANTED for the limited purpose of dismissing this action.

And it is respectfully RECOMMENDED:

1. That plaintiff's federal claims be DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted.

2. That plaintiff's state law claims be DISMISSED WITHOUT PREJUDICE to his filing them in state court.

---

[4]The federal courts, by virtue of 28 U.S.C. § 2283, generally lack the power to enjoin pending state court proceedings, "except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. Independent of the statutory limitation on the federal injunctive power, considerations of federalism and comity have led to the development of an "abstention doctrine" that counsels against federal interference with pending state court proceedings. *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). In *Younger*, the United States Supreme Court held that an ongoing state criminal proceeding may not be enjoined "except under special circumstances." *Id*., at 41, 91 S.Ct. at 749. Special circumstances are not alleged here.

3.  That the clerk be directed to close this file.

At Pensacola, Florida, this 3rd day of June, 2010.

/s/ *Miles Davis*

**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy hereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).**